## No. 3128.

## Henry Washington *v.* The State.

1. EVIDENCE—To warrant the conviction of two or more persons as principals in the same offense, the evidence must show such co operation or complicity between them as constituted them principals.

2. SAME—CASE STATED.—Appellant and one R. were separately indicted and tried as principals in the murder of the former's wife. At neither trial was there any evidence tending to show co-operation or complicity between them in the commission of the nomicide, and yet, upon the same state of proof, each ot toem was convicted as a principal in the murder. *Held*, that in this condition of affairs the two convictions are irreconcilably repugnant to each other, and in the present case the court below erred in refusing a new trial.

APPEAL from the District Court of Falls.   Tried below before the Hon. B. W. Rimes.

The case will    found clearly stated in the opinion of the court.   In the report of the case of *Robinson* v. *The State, ante,* page 347, will be found the evidence upon which the convictions were had in the court below in both cases.   A life term in the penitentiary was the punishment awarded against the appellant, being the same penalty as that assessed against Robinson.

*Martin & Dickinson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   This is a companion case to that of *Pleasant Robinson* v. *The State,* the judgment in which was reversed at a former day of the present term.   The evidence in the two cases is substantially the same.   This defendant and Pleasant

Robinson were indicted separately for the murder of Jane Washington, the wife of this defendant, and were separately tried and convicted, as principals, of murder in the first degree, the penalty assessed against each being confinement for life in the penitentiary.

We held in Pleasant Robinson's case that the evidence was insufficient to support the verdict of the jury; that it did not establish, with that degree of certainty demanded by the law, the alleged fact that the death of deceased had been produced by the criminal act or agency of another person; that it did not exclude the reasonable hypothesis that deceased may have come to her death by disease or accident. In this case we have again carefully reviewed and considered the evidence, and we are strengthened in our previous conclusion, that the State has failed to establish the *corpus delicti*.

An illustration of the uncertainty of the evidence as to who murdered Jane Washington, if she was murdered, is afforded by the separate convictions of Pleasant Robinson and this defendant of the supposed crime. There is not a word in the testimony of the two cases which proves that they acted together in the commission of the crime, or had agreed and conspired together to commit it; and yet they are each convicted as principals in the act. In order to justify the conviction of both, as principals, the evidence must have shown such a complicity with each other in the crime as under the law would constitute them principals; and such facts are not shown in either of the cases. Hence, we have two convictions, of different parties, for the same murder, without any evidence connecting them in the act, and without evidence establishing which one of the accused parties in fact perpetrated the homicide.

Can a conviction of either be sustained under such circumstances? There is as much reason to suppose that one of the convicted parties committed the murder as that the other committed it. One jury have said by their verdict that Henry Washington did it. Another jury have said by their verdict that Pleasant Robinson did it. Which verdict is correct? Both verdicts might be correct if the evidence had shown that they acted together in the commission of the deed in such manner as to make them principals with each other; but, as before said, there is no such evidence in either of the cases.

While we always regret the necessity of having to disagree with a jury upon the facts of a case, still, in the discharge of

our duty, we must set aside a verdict when in our opinion it is not supported by the evidence. Because the evidence in this case is insufficient to support the verdict, and because the trial court, for that reason, erred in refusing defendant a new trial, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered June 4, 1884.